

**FILED**

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0615

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0615

LORI MONROE and REBECCA
ROSENBERGER,

      Petitioners,

v.

TRA BOGGS,

      Respondent and Appellant.

TRA BOGGS, on behalf of himself and his
minor children, C.D.B. and T.J.B.,

      Counterclaimant,

v.

LORI MONROE, REBECCA ROSENBERGER
and DAVID GORDON,

      Counterclaim Defendants
      and Appellees.

**FILED**

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**ORDER**

Appellees Lori Monroe and Rebecca Rosenberger move to dismiss this appeal on the ground that this Court lacks subject matter jurisdiction. Appellant Tra Boggs opposes the motion.

The case arises from a child custody proceeding in Blackfeet Tribal Court. Boggs is the father of two minor children whose mother was killed in an automobile accident. Monroe and Rosenberger are the children's maternal aunt and grandmother, respectively. All parties are enrolled members of the Blackfeet Tribe. Monroe and Rosenberger reside within the exterior boundaries of the Blackfeet Indian Reservation; Boggs resides in Cut Bank. Monroe and Rosenberger obtained an order in Tribal Court granting them custody of

the two minor children. They petitioned the Ninth Judicial District Court in July 2022 to register the Tribal Court's order as a foreign judgment. The District Court denied that petition, and its order has not been appealed. Boggs's response to the petition included counterclaims for abuse of process against Monroe and Rosenberger and for deceit against their attorney David Gordon. On October 7, 2022, the District Court dismissed Boggs's counterclaims, concluding that it did not have subject matter jurisdiction over torts that occurred entirely on the Blackfeet Indian Reservation. Boggs appeals that order.

Monroe and Rosenberger seek dismissal of Boggs's appeal on the ground that this Court lacks subject matter jurisdiction. They assert that entertaining the appeal would infringe on Blackfeet tribal self-government. Monroe and Rosenberger request this Court to "affirm the District Court's order and dismiss the appeal." Boggs responds that the abuse of process claims pertain to Appellees' conduct that occurred off the reservation and that the deceit claims rest upon Appellees' private conduct and are not directed at the sovereignty of the Blackfeet Tribal Court to make decisions or operate.

The issue on appeal is whether the District Court erroneously concluded that it lacked subject matter jurisdiction to entertain Boggs's counterclaims. This Court cannot either affirm that order or dismiss the appeal without considering the merits of the issue. Accordingly, we reserve judgment on the question of subject matter jurisdiction pending full briefing on the issue Boggs's appeal raises.

IT IS THEREFORE ORDERED that the motion to dismiss the appeal is DENIED. Briefing shall proceed in accordance with the Montana Rules of Appellate Procedure.

The Clerk is directed to notify all counsel of the entry of this Order.

DATED this 17th day of January, 2023.

_____
Chief Justice

_____

2

_____

_____

_____
                    Justices